UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOG EXPLORATION COMPANY, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-02323** |
| **FEDERAL FLANGE, INC.** | **SECTION: "H" (4)** |

## ORDER

Before the Court are two cross-motions: (1) Plaintiff LLOG Exploration Company, LLC's **Motion for Extension of Time to Respond to Discovery Requests from CGP Manufacturing, Inc. (R. Doc. 55)**; and (2) Third-Party Defendant CGP Manufacturing, Inc.'s **Motion to Compel LLOG Exploration Company, LLC's Responses to Discovery Requests (R. Doc. 61)**. Each motion has been opposed. R. Docs. 59, 68. Oral argument was heard on June 20, 2018.

**I.  Background**

The instant action was filed by LLOG Exploration Company, LLC ("LLOG") against Federal Flange, Inc. ("Federal"). R. Doc. 1. LLOG states it is engaged in exploration, development, and production of oil and gas and purchased 6x6 target elbows, or pipes, intended for subsea use from Federal that were defective. LLOG states it was required to shut down its wells and replace the target elbows resulting in an excess of 5 million dollars of damages. LLOG alleges: (1) breaches of express and implied warranties; (2) breach of contract; (3) breach of the Louisiana Product Liabilities Act; (4) redhibition; (5) negligence; and (6) detrimental reliance.

Federal then filed a third-party complaint against CGP Manufacturing, Inc. ("CGP"), G&S Non-Destructive Testing, Inc. ("G&S"), and R.N. Gupta & Company, Ltd ("R.N. Gupta") alleging: (1) breaches of their express and implied warranties; (2) breach of contract; (3) violations of products liability acts; (4) redhibition; (5) negligence; and (6) detrimental reliance. R.N. Gupta

1

manufactured the target elbows at issue in the case which then worked their way through the chain of commerce to CGP, Federal, and finally to LLOG.

The first motion filed was LLOG's motion for an extension of time to respond to CGP's discovery requests. R. Doc. 55. It argues that it noticed the corporate depositions in this matter for May 15-16, 2018. It states it wanted to collect and complete testimony from fact witnesses and sought to obtain these witnesses' knowledge unaffected by knowledge of others. However, due to a scheduling problem the depositions were delayed until July. CGP then propounded the discovery at issue on May 1, 2018 with a responses due on May 31, 2018. LLOG seeks an extension so that the fact depositions are not impacted by LLOG's production and because the extension would not have been needed if LLOG did not extend the courtesy of continuing CGP's corporate deposition.

CGP opposes the motion. R. Doc. 59. It argues that CGP's corporate deposition was never actually scheduled in May because the original notice of deposition was merely an invitation to discuss mutually agreeable dates and times such that the "courtesy" extended by LLOG is a fiction. CGP contends discovery may be used in any sequence and there is no legal basis for LLOG to withhold discoverable information.

CGP then filed a motion to compel LLOG's responses to the same discovery requests. R. Doc. 61. CGP states it propounded interrogatories and requests for production on May 1, 2018, making responses due on May 31, 2018. However, on May 30, 2018, LLOG produced improper general objections to the discovery requests. It argues that LLOG has not complied with the requirements of the Federal Rules of Civil Procedure.

LLOG opposes the motion. R. Doc. 68. It argues that it should not be compelled to respond before CGP's corporate deposition and the requests are irrelevant and disproportionate to the needs of the case.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 33 allows a party to serve another party written interrogatories which, "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Rule 33 allows a party to ask interrogatories to the extent of Rule 26(b).

Discovery of documents, electronically stored information, and tangible things is governed by Rule 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." Fed. R. Civ. P. 34(a)(1).

Both Rule 33 and 34 provide that the party served must respond within thirty (30) days. A shorter or longer time may be stipulated to or be ordered by the court.

Rule 26(d)(3) specifically states that unless the parties stipulate or the court orders otherwise, "for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ... (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

A motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

### III. Analysis

#### A. Motion for Extension of Time to Respond

LLOG seeks an extension of the deadline by which it is required to respond to discovery propounded upon it by CGP until after CGP's corporate deposition in July of 2018. It argues that CGP does not need documents or interrogatory responses from LLOG for their witnesses and CGP would not have access to that information had the deposition gone forward on May 16, 2018, the date it was originally noticed for. It argues the only reason the corporate witness would now have access to that information was LLOG's courtesy in extending the date of the deposition.

CGP opposes the extension arguing that the initial May 16, 2018 date of the corporate deposition was never actually scheduled, but rather an invitation to work out mutually agreeable dates and times. It argues there is no legal basis for LLOG to object to timely discovery requests. Further, CGP contends that LLOG's motion is an attempt to gain a strategic advantage and is the type of gamesmanship not supported by the law and Federal Rules of Civil Procedure.

Rule 26(d)(3) specifically states that unless the parties stipulate or the court orders otherwise "for the parties' and witnesses' convenience and in the interests of justice: (A) methods

4

of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). Pursuant to Rule 26(c), the court may, among other things, forbid certain discovery or specify the terms, including the time and place, for the disclosure or discovery.

As a general matter, there is no requirement that all disputes regarding written discovery must be resolved to a party's satisfaction before they agree to move on to other forms of discovery. As clarified by the Advisory Committee Notes to Fed. R. Civ. P. 26(d), "[t]he principal effects of [Rule 26(d)] are first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case."

It is within the sound discretion of the Court to order discovery to take place in a certain sequence or to specify the time and place for such discovery to occur, should the circumstances warrant such action "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(2). Courts have refused to alter the sequence of discovery where such circumstances are not present. *Southern Filter Media, LLC v. Halter*, 2014 WL 715727, at *3 (referencing *Faulkner v. ICF Intern,* No. 07–932, 2008 WL 4534369 (M.D. La. Oct. 3, 2008) (refusing to alter sequence of depositions where defendant invoked Rule 26(d)(2) "for the purpose of either gaining a perceived tactical advantage or denying the plaintiff a perceived tactical advantage, but not 'for the parties' and witnesses' convenience and in the interest of justice.'"); *Chaney v. Kansas City S. Ry. Co.,* No. 06–3469, 2007 WL 2463311, at *2 (E.D. La. Aug. 27, 2007) (the defendant failed to make the required showing that there is a particular sequence that is convenient or in the interest of justice)).

First, the Court finds that the initial notice of deposition was not a firm date, but rather an invitation to work out agreeable dates for the parties. R. Doc. 59-1. Second, as this Court noted in *Chaney*, the Court may order discovery in a particular sequence only when the moving party makes a showing that the sequence is for the convenience of the parties and in the interest of justice. The Court finds that LLOG has failed to demonstrate that the extension of time to respond will convenience the parties or witnesses or that it serves the interests of justice. Instead, the Court finds that LLOG is seeking a specific sequence of discovery for a tactical advantage. As such, the motion for an extension of time to respond to discovery is denied.

### B. **Motion to Compel**

CGP filed a motion to compel responses from LLOG arguing that it propounded its discovery on May 1, 2018, making LLOG's responses due on May 31, 2018. It states on May 30, 2018, it received blanket objections to the discovery as a whole. It contends these responses are improper because LLOG failed to object with specificity as to each discovery request.

LLOG opposed the motion to compel arguing that the discovery sought is irrelevant and not proportional to the needs of the case at this stage of litigation. It argues that many of the discovery requests deal with the "operational conditions" of the target elbows which is not relevant because the case involves a redhibition claim and comparative fault is not applicable.

CGP filed a reply stating that the discovery is relevant because the complaint in this case contains more than just a redhibition claim. It also contains causes of action by LLOG against Federal for products liability, negligence, breach of warranties, breach of contract, and detrimental reliance. Further, the third-party complaint by Federal against CGP contains claims for redhibition, products liability, negligence, breach of warranties, breach of contract, and detrimental reliance. It contends the discovery is relevant to those claims other than redhibition.

In addition, CGP states that seven of the ten interrogatories propounded seek information other than "operational conditions," including where the replacement elbows were purchased, who installed the replacements, and the individuals who performed certain jobs. It also states that its requests are relevant to determine whether cracks occurred at forging or sometime later because it has not been determined whether the cracks were already present at the time of manufacture. Instead, that is the matter to be litigated. Further, it argues the discovery is proportional due to the size of the estimated damages and its relevancy to resolving the claim.

First, the Court finds that LLOG responded to the discovery requests with improper general objections. As this court has previously stated:

> General objections such as the ones asserted by Plaintiff are meaningless and constitute a waste of time for opposing counsel and the court. In the face of such objections, it is impossible to know whether information has been withheld and, if so, why. This is particularly true in cases like this where multiple "general objections" are incorporated into many of the responses with no attempt to show the application of each objection to the particular request.

*Rosalez Funez v. E.M.S.P., LLC*, 2016 WL 5337981, at *2 (quoting *Weems v. Hodnett,* 2011 WL 3100554, at *1 (W.D. La. July 25, 2011). LLOG provided a series of eight (8) objections that supposedly apply to to the seventeen (17) interrogatories and twenty (20) requests for production propounded by CGP. It is impossible to tell which objection applies to the individual discovery requests.

Rule 33 requires that the "grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Rule 34 requires that an "objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). LLOG has not complied with these rules in providing responses.

Second, based on the Court's ruling denying LLOG's motion for the extension of time to respond to the discovery, the current discovery propounded by CGP upon LLOG is due pursuant

7

to Rule 33 and 34's timing requirements. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). As such, the Court grants CGP's motion to compel and orders that LLOG shall provide responses no later than seven (7) days from the signing of this order.

Third, the Court strikes LLOG's general objections and orders that LLOG shall comply with the specificity requirements of Rule 33 and Rule 34 when providing responses to the discovery.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that LLOG's **Motion for Extension of Time to Respond to Discovery Requests from CGP Manufacturing, Inc. (R. Doc. 55)** is **DENIED.**

**IT IS FURTHER ORDERED** that CGP Manufacturing, Inc.'s **Motion to Compel LLOG Exploration Company, LLC's Responses to Discovery Requests (R. Doc. 61)** is **GRANTED**.

**IT IS FURTHER ORDERED** that LLOG Exploration Company, LLC shall provide its responses to CGP Manufacturing, Inc.'s discovery requests **no later than seven (7) days** from the signing of this order and shall comply with the specificity requirements of Federal Rules of Civil Procedure 33 and 34.

**IT IS FURTHER ORDERED** that LLOG Exploration Company, LLC's improper general objections are hereby **STRICKEN**.

New Orleans, Louisiana, this 27th day of June 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**