# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOG EXPLORATION COMPANY, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    17-02323** |
| **FEDERAL FLANGE INC., et. al** | **SECTION: "M" (4)** |

## ORDER

Before the Court is a **Motion to Quash or Limit and for a Protective Order Pursuant to Fed. R. Civ. P. 26(c) (Rec. Doc. 132)** filed by the Defendant, Silbo Industries, Inc.  Silbo seeks a protective order prohibiting the taking of its deposition by Plaintiff, CGP Manufacturing, Inc. The Motion is opposed and was heard by oral argument on November 28, 2018. (Rec. doc. 133)

## I.    Background

This multi-party litigation was filed because of the sale of allegedly defective target elbows to LLOG Exploration Company, LLC (LLOG) a company engaged in the exploration, development and production of oil and gas in the Gulf of Mexico. LLOG operated two wells off the coast of Louisiana and ordered four 6x6 target elbows intended to be used in connection with the two wells which would connect pipe to the subsea manifold.    After the target elbows were installed off the Louisiana coast, LLOG discovered defects or cracks in the elbows, which could allegedly be sourced to the manufacturing process.  LLOG, thereafter, removed the alleged defective elbows and replaced them asserting this claim based on theories of product liability, redhibition and breach of contract.

The elbows were purchased from Federal Flange, Inc. ("Flange") who bought them from CGP Manufacturing, Inc. ("CGP"), who ordered them from Silbo Industries, Inc. ("Silbo"), a distributor of steel from foreign countries. Silbo placed the order with R.N. Gupta & Company Limited ("Gupta"), an importer from India who direct shipped the products to CGP in Texas. After being sued Flange, CGP filed a Third-Party demand against the foreign importer in its capacity as the manufacturer of the forgings and Silbo, the importer and distributer of the forgings.

Silbo, thereafter, filed a Motion to Dismiss for lack of Personal Jurisdiction because it is a Delaware Corporation with is principle place of business in New Jersey. According to Silbo, it has insufficient contacts with Louisiana, the forum state, because it directed the forging be shipped from India to a distributor in Texas and not Louisiana.

CGP, in the meantime, sought additional time to conduct limited jurisdiction discovery to determine if there is sufficient evidence of minimum contacts to establish specific jurisdiction utilizing the stream of commerce doctrine. The Stream of Commerce doctrine contemplates that the offending product will have to be sold by a participant in the process with a minimum awareness that it may or will sweep the product into forum state of Louisiana. *Asahi v. Superior Court, 480 U.S. 102 (1987)*

 In connection with its attempt to acquire jurisdictionally focused discovery, CGP noticed the deposition of Silbo. In so doing, it itemized thirteen areas of inquiry in the notice and also with a document request.  Upon receiving the document request, Silbo filed the subject motion seeking either (1) to completely quash the deposition or alternatively (2) limit the scope of the deposition. Rec. Doc. 132.

CGP opposes the Motion, arguing that the topics and requests are well within the District Court's jurisdictional discovery limitation. Rec. Doc. 133. Primarily, CGP argues that discovery

is permitted on more than just the four subject target elbows. CGP contends that Silbo is trying to limit the scope of discovery based on a "tortured" reading of the District Court's Order. Rec. Doc. 133, p 7.

## II.  **Standard of Review**

### A.  **Scope of Deposition**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Id. The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U .S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Id.

In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. Fed.R.Civ.P. 30(b)(6). The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Id.

### B.  <u>Protective Order</u>

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir.1995). Rule 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c).

Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir.1998).

### III.  <u>Analysis</u>

Silbo filed the subject motion objecting to the scope of the notice of deposition which identified thirteen topics because they were overbroad and not specifically tailored to assessing facts to aid in the determination of whether personal jurisdiction exists over it in Louisiana. Silbo contends that because the presiding District Judge stated in a recent order that, "he was interested in discovery related to whether Silbo or Gupta delivered the subject target elbows or tees into the stream of commerce with an expectation or awareness that the product would be purchased by consumers in Louisiana.", the topics identified are overbroad and irrelevant. Silbo further contends that the topics are further overbroad because the proposed period is from 2008-2018 and the forgings were sold in 2011. Siblo also seeks the issuance of a protective order regarding its sensitive materials and attorney's fees and costs for the subject motion.

CGP contends that (1) the noticed topics and corresponding requests for production of documents are not overbroad and (2) are relevant to the determination if Silbo's products will have swept into Louisiana pursuant to the stream of commerce doctrine. CGP also contends that it seeks to obtain the information and documents for a ten-year period even though the product was sold in 2011 and the entire time period that passed between the manufacture and alleged failure was six years. CGP contends that it already is a party to a protective order, which Silbo can join but has failed to do so. Further, CGP opposes the assessment of costs and attorney's fees including the employees' overtime/salary inquired in responding to the discovery.

## 1. The Notice of Deposition

Federal Rule of Civil Procedure 30(b)(6) sets forth the procedure for deposing an organization. An overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. *Steil v. Humana Kan. City, Inc*., 197 F.R.D. 442, 444 (D.Kan.2000). To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice. If

the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.  Id.

To allow Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. The responding party must make a conscientious, good-faith endeavor to designate the persons having knowledge of the matters sought and to prepare those persons in order that they can answer fully, completely, and in a non-evasive manner, the questions as to the relevant subject matters.   Id.

As an initial matter, the Court notes that the parties disagree regarding the time period that the witnesses should be prepared to testify.  Silbo contends that because the sale occurred in 2011 the witnesses should be required to provided testimony during that time period. In contrast, CGP contends that the witness should be knowledgeable, and the documents requested should encompass a ten-year period from 2008-2018.  The Court, after consultation with counsel for the parties finds that the period for both documents and witnesses should be limited to the period of 2010-2012, a three-year period.

The next issue before the Court is whether the topics noticed in the deposition are overbroad or in keeping with the instructions of the District Judge.  The District Judge in an order dated December 17, 2018, authorized the parties to conduct discovery of Silbo and Gupta.  In so doing, the Judge signaled that he was interested in whether the elbows and tees were delivered in the stream of commerce by Silbo and Gupta with an expectation or awareness that they would be purchased by or used by consumer sin Louisiana.  Rec. doc. 131.  Having heard the argument of the parties and having reviewed the proposed areas of inquiry.  The Court finds that area of Inquiry

1 seeking the corporate history and structure of Silbo is not relevant and therefore, Silbo is protected from having to provide a witness to address same.

Area of Inquiry 2,3, and 4 seeking testimony on all Gupta product lines, identification of product lines of other manufactures, and all manufacturers who sold products to Silbo and/or delivered them to Texas and Louisiana is overbroad as written. The Court, however, finds that all tees or forges which either from Gupta or other manufacturers that were sold to Silbo and/or delivered to Louisiana from 2010-2012 are relevant. The Court further finds that seeking all Gupta product lines, all manufacturer lines or identifying them is not relevant and therefore are protected from disclosure. Additionally, there is no dispute that the products were delivered to Texas. As a result, to the extent this and other topics seek information and documents regarding products sent to Texas by either Gupta or Silbo, is irrelevant and Silbo is protected from producing either a witness or documents regarding same.

Area of Inquiry 5 and 6 seeks the distribution method and agreement of delivery at the instruction of Silbo in Louisiana and Texas is overbroad and irrelevant to the issue of jurisdiction. There is no dispute about the distribution process. In fact, the parties agree that Silbo placed the order with Gupta and directed Gupta to direct ship the tees or forges to Texas, which it did. Therefore, area of inquiry 6 is protected from disclosure as to the extent information is sought regarding distribution, all agreement or limitations as to products sent to Texas. However, to the extent any agreement or limitations exists to distribute to Louisiana and are the result of products distributed by Gupta to Louisiana, they are relevant and subject to production.

Area of Inquiry 7 and 8, seek the identification of Silbo customers any products of Gupta or any other company that were sold and delivered in Louisiana or for use in the oil and gas industry. Counsel for Siblo acknowledged during the hearing that Silbo has a long-standing

customer and other customers in Louisiana, but object to producing information regarding any product sold by either Gupta or Silbo in Louisiana to CGP, its direct competitor. The Court having considered the issue, finds that the degree to which Siblo has customers in Louisiana and delivered products for use in the oil and gas industry during the period of 2010-2012 is relevant. As a result, the request for protective order regarding area of inquiry 7 and 8 is denied and Siblo is required to produce a witness and documents responsive to this topic.

Area of inquiry 9 seeks information and documents regarding Siblo's marketing efforts in both Texas and Louisiana. This area also includes marketing visits, sale of products for use in the oil and gas industry in Louisiana or Texas. The Court having limited the time period finds that Silbo's direct marketing efforts in Louisiana are relevant and that testimony shall be provided covering the period of 2010-2012. However, to the extent that the topic also seeks marketing information for Texas, it is not relevant and therefore protected from disclosure.

Area of Inquiry 10 seeks information regarding whether taxes were paid in or to Louisiana from 2010-2012. However, inquiry 10 was addressed in the supplemental declaration of Alan C. Shalom, who attested that Silbo does not pay taxes in Louisiana. Rec. doc. 137-2. This issue therefore is moot and Silbo is protected from producing any further witness or documentation on the subject.

Area of Inquiry 11-12 seeks testimony on either the expectation or the foreseeability that Silbo's products would be delivered in Louisiana and Texas. The Court believes the information sought by these areas of inquiry are actually subsumed within earlier topics, such as marketing, delivery and identification of the Louisiana distributors. As a result, Silbo is protected from producing a witness or documents to address topics 11-12.

Area inquiry 13 seeks the identification of all standards marked on Gupta products for sale or delivery in the U.S., Louisiana and Texas. Counsel for CGP, when questioned, acknowledged that he was unaware of any such markings and was curious about if there were any such marking that would identify a product as target for Louisiana. The Court considering the argument, finds that Silbo is protected from producing a witness who would testify on the subject because it is irrelevant and amounts to a fishing expedition.

### 2.   The Protective Order

Next, Silbo seeks a protective order before it produces the documents to Silbo because it contains sensitive trade secret information, which it does not desire to disclose to CGP corporate, a direct competitor. CGP does not oppose the issuance of a protective order. It points out that a protective order already exists in the case and that Silbo can just become a signatory to that order. Having considered the argument of the parties, the Court finds that an attorney's eyes only provision or protective order including such a provision is appropriate and shall be prepared and submitted to the court via its efile_roby@laed.uscourts.gov email address.

### 3.   Attorney's Fees, Costs and Overtime Salaries for Gathering Information

Siblo also seeks the award of attorney's fees and costs in the matter because of the overly broad nature of the information sought. Siblo contends that it would require the usage of its man power and it is a small corporation. Siblo's counsel acknowledged during the hearing that due to the Court's Order, which narrowed the scope of the production, its concern regarding the nature and extent of the burden on its client has been reduced.

The Court, hereafter, denies the request for attorney's fees, costs and overtime salaries of Silbo's employees. The presumption is that the responding party must bear the expense of

complying with discovery requests but may invoke the district court's discretion under Rule 26(c) to grant protective orders protecting him from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). See. Fed.Rule Civ. P 34. As a result of considering the fact that the topics and requests have been sufficiently narrowed, the Court finds that it would not be burdensome for Silbo to prepare its witnesses on the topics or respond to the limited requests as ordered.

## V. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Quash or Limit and for a Protective Order (Rec. Doc. 132)** is **GRANTED IN PART, DENIED IN PART and MOOT IN PART.**

**IT IS FURTHER ORDERED** that inquiries 1,2-4, 11-12, 13 are irrelevant and are protected, therefore the Motion to Quash is **GRANTED**.

**IT IS FURTHER ORDERED** that inquiries 5-6, 7-8 are relevant and the Motion to Quash is **DENIED** and Silbo is required to produce a witness and documents responsive to the topics no later than (4) four days prior to the scheduled deposition date.

**IT IS FURTHER ORDERED** that inquiry 9 as it relates to the direct marketing efforts in Louisiana is **DENIED IN PART** and are relevant and the testimony shall be provided covering the period of 2010-2012 no later than (4) four days prior to the scheduled deposition date. **IT IS GRANTED IN PART** to the extent that the topic seeks marketing information for Texas.

**IT IS FURTHER ORDERED** that inquiry 10 is **MOOT** and Silbo is protected from producing further information.

**IT IS FURTHER ORDERED** that the request for Protective Order is **GRANTED**.  The parties shall prepare and submit to the Court a protective order via its efile_roby@laed.uscourts.gob email address.

**IT IS FURTHER ORDERED** that the request for attorney's fees, cost and overtime salaries are **DENIED.**

New Orleans, Louisiana, this 4th day of December 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**