UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LLOG EXPLORATION COMPANY LLC     CIVIL ACTION

VERSUS     NO. 17-2323

FEDERAL FLANGE, INC.     SECTION M (4)

## ORDER & REASONS

    Before the Court is a motion by third-party defendant G&S Non-Destructive Testing, Inc. ("G&S") for summary judgment[1] to dismiss the third-party complaint[2] and the second restated, supplemental and amended third-party complaint.[3] Third-party plaintiffs, Federal Flange, Inc. ("Federal"), Continental Casualty Company, and The Travelers Indemnity Company of America (together, the "Nonmovants") oppose the motion.[4] G&S replies in further support of its motion.[5]

    This case involves a dispute over target elbow pipes (the "Elbows") that were sold by Federal to LLOG Exploration Company LLC ("LLOG"), an oil exploration company, and installed in two oil wells.[6] Before the Elbows were sold and installed in the wells, Federal had hired G&S to conduct ultrasonic and magnetic particle tests on them to test their quality.[7] LLOG ultimately had to remove the Elbows from the wells due to cracks.[8] LLOG sued Federal, claiming that the Elbows were defective,[9] and Federal, in turn, impleaded G&S, claiming breach of contract and negligence for faulty testing.[10] Federal settled with LLOG, but continues to pursue its third-party claims against G&S.[11]

---

[1] R. Doc. 208.
[2] R. Doc. 20.
[3] R. Doc. 173.
[4] R. Doc. 211.
[5] R. Doc. 214.
[6] R. Docs. 208-1 at 2, 4; 211 at 2-3.
[7] R. Docs. 208-1 at 2-3; 211 at 3-4.
[8] R. Docs. 208-1 at 2, 4-5; 211 at 2-3.
[9] R. Doc. 1.
[10] R. Doc. 9.
[11] R. Doc. 162.

In its motion for summary judgment, G&S argues that it performed its duties under its contract with Federal to conduct an ultrasonic test and two magnetic particle tests on the Elbows.[12] The Elbows passed an ultrasonic test, so they were listed as "accepted" in G&S's report of the test.[13] But the first magnetic particle test, which was reported on the same date as the ultrasonic test, revealed certain defects, so the Elbows were marked by G&S as "rejected."[14] Thereafter, Federal "surface ground" the Elbows and requested a second magnetic particle test but only on the "weld beveled ends," not the area at the 90-degree bend of the pipes where G&S had located defects by its first magnetic particle test.[15] The Elbows passed the second, more limited magnetic particle test.[16] However, G&S argues that the defects would have been found if Federal had ordered the second magnetic particle test on the entirety of the Elbows, particularly on the bend of the pipe where the defects were originally found.[17] G&S maintains that since the second test was limited in scope by Federal's instructions, the flaws initially detected by G&S were not revealed in this round.[18] G&S asserts that it performed the tests accurately, followed the explicit instructions of Federal, and reported its findings to Federal.[19] That Federal sold the Elbows to LLOG, notwithstanding the defects identified by the first magnetic particle test, cannot be blamed on G&S it insists.[20] Therefore, G&S argues it is not liable under a breach-of-contract or negligence theory.[21]

Nonmovants argue that the ultrasonic test should have revealed any internal defects.[22] They assert that, if the Elbows had failed the ultrasonic test, Federal would have rejected the

---

[12] R. Doc. 208-1 at 2, 10.
[13] *Id.* at 3.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* at 10.
[20] *Id.*
[21] *Id.*
[22] R. Doc. 211 at 4. For this point, Nonmovants rely on the opinion of their expert, Dr. Thomas C. Shelton. R. Doc. 211-4.

parts entirely as a matter of course under its internal company policy and would never have sold them to a customer.[23]  Therefore, they conclude G&S is liable under a breach-of-contract or negligence theory for failure to perform a competent ultrasonic test.[24]  Nonmovants also argue that this motion for summary judgment is premature as discovery is ongoing.[25]

Having reviewed the parties' memoranda, the record, and the applicable law, the Court finds that summary judgment is not warranted at this time because there are disputed issues of material fact, including disputes over the inferences to be drawn from the facts, that would be informed by testimony and other evidence to be developed at trial.  For its part, G&S relies on its communication to Federal of the results of the first magnetic particle test, and the limited scope of the second such test, to absolve itself from any liability.[26]  In contrast, Federal says that it relied upon G&S's ultrasonic test to reveal any subsurface defects in the Elbows and the test failed to reveal any.[27]  In this way, the parties see the nature, significance, and relevance of these tests in very different lights, requiring the factfinder to resolve what amounts to disputed factual issues.  Consequently, summary judgment is not warranted on the record before the Court, even without considering whether future discovery may yield additional evidence bearing on the issues raised by the motion.

Accordingly, for the foregoing reasons,

IT IS ORDERED that G&S Non-Destructive Testing, Inc.'s motion for summary judgment (R. Doc. 208) is DENIED on the record before the Court.

---

[23] *Id.* at 4-5.
[24] *Id.* at 9-10.
[25] *Id.* at 15.
[26] R. Doc. 208-1 at 10.
[27] R. Doc. 211 at 7-8.

New Orleans, Louisiana, this 4th day of September, 2020.

                                                                                            _____
                                                                                            BARRY W. ASHE
                                                                                            UNITED STATES DISTRICT JUDGE